# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

JOE CURTIS HARRIS,

    Plaintiff,

v.

    CIVIL ACTION NO.: CV506-068

MICHAEL HALL,
Food Service Manager,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Macon State Prison in Oglethorpe, Georgia, has filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while at D. Ray James Prison in Folkston, Georgia. Defendant Michael Hall filed a Motion to Dismiss or in the Alternative for Summary Judgment (Doc. No. 25), which the Court construes as a Motion for Summary Judgment[1], and Plaintiff filed a Response (Doc. No. 33). For the reasons which follow, Defendant's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff asserts that Defendant, as Food Service Manager at D. Ray James Prison, is responsible for his having to consume non-Kosher, non-nutritional, and contaminated foods. Plaintiff alleges that Defendant has violated both his First and Eighth Amendment rights.

---

[1] If "matters outside the pleading are presented to and not excluded by the court", the "motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." FED. R. CIV. P. 12(b).

In his Motion, Defendant contends that: (1) Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"); (2) Plaintiff's claims for money damages are not based on a physical injury as required by the PLRA; (3) Defendant is not subject to damages in his official capacity under § 1983; (4) Plaintiff's claim for injunctive relief against Defendant in his official capacity is "misdirected"; (5) Defendant lacks the authority to remedy Plaintiff's religious diet claim; (6) the meals served at D. Ray James Prison satisfy Plaintiff's religious dietary restrictions; (7) Plaintiff fails to satisfy either the objective or subjective prong of his Eighth Amendment claim; (8) no basis exists to award punitive damages to Plaintiff; and (9) Defendant is entitled to qualified immunity.

## STANDARD OF DETERMINATION

Summary judgment should be granted only if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The procedure for disposing of a summary judgment motion is well established. The Court may grant summary judgment to a party when the evidence demonstrates that the nonmoving party has failed to establish an essential element of his case. The party moving for summary judgment bears the initial burden of meeting this exacting standard. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 1608, 26 L. Ed. 2d 142 (1970). In applying this standard, a court should view the evidence and all factual inferences in the light most favorable to the party opposing the motion. All reasonable doubts regarding the facts should be resolved in favor of the nonmovant. Adickes, 398 U.S. at 157, 90 S. Ct. at 1608.

Once the moving party has met this initial burden, the burden shifts to the opposing party to show that a genuine issue of material fact exists. Celotex Corp. v. Catrell, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). The opposing party may not simply rest upon mere allegations or denials of the pleadings. Rather, the nonmoving party must make a sufficient showing of facts to establish the existence of an essential element to his case on which he will bear the burden of proof at trial. Id.; Barfield v. Brierton, 883 F.2d 923, 933 (11th Cir. 1989). To oppose the motion sufficiently after the movant has met his initial burden, the nonmoving party must point to evidence in the record or present additional evidence in the form of affidavits or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure. Riley v. Newton, 94 F.3d 632, 639 (11th Cir. 1996). If the record presents factual issues, the Court must deny the motion and proceed to trial. Herzog v. Castle Rock Entertainment, 193 F.3d 1241, 1246 (11th Cir. 1999). Summary judgment is also inappropriate where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts. Id.

## DISCUSSION AND CITATION OF AUTHORITY

Federal prisoners seeking relief under § 1983 must first exhaust inmate grievance procedures before filing suit in federal court. Porter v. Nussle, 534 U.S. 516, 524, 122 S. Ct. 983, 988, 152 L. Ed. 2d 12 (2002); McCarthy v. Madigan, 503 U.S. 140, 144, 112 S. Ct. 1081, 1086, 117 L. Ed. 2d 291 (1992). 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002),

the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter at 523, 122 S. Ct. at 987. Thus, even when the prisoner is seeking relief not provided for under the grievance process, exhaustion is still a prerequisite to his filing suit. Id. at 524, 122 S. Ct. at 988; Booth v. Churner, 532 U.S. 731, 732, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. Id.

Defendant submits the Georgia Department of Corrections ("GDC") Standard Operating Procedures, which detail the GDC's administrative grievance system.[2] (Doc. No. 27-1, pp. 5-25). Defendant also submits the affidavit of Michelle Howell, Chief Counselor at D. Ray James Prison and the person in charge of oversight and management of the grievance process. (Doc. No. 27-1, pp. 1-4). These sources reveal that the GDC employs a three-step grievance procedure: first, the inmate must file an informal complaint within 10 days of the incident about which he complains; second, if he is not satisfied with the response to his informal complaint, the inmate must file a formal grievance within 5 days of that response, which is then investigated and responded to by the Warden; finally, if the inmate is not satisfied with the Warden's response to his formal grievance, he may appeal the decision within 5 days of that response to the GDC Commissioner's Office. (Doc. No. 27-1, pp. 2, 8-12). Accordingly,

---

[2] Although D. Ray James Prison is a private facility operated by Cornell Corporation through a contract with the GDC, the GDC's Standard Operating Procedures still apply to the facility and its inmates. The regulations in question apply to "[a]ll inmates committed to the Department of Corrections in state facilities, private prisons, county prisons, and transitional centers." SOP IIB05-0001(II). See also Doc. No. 27, p. 1 (indicating that the GDC inmate grievance system is utilized at D. Ray James Prison).

exhausting the GDC's available administrative remedies means completing all three of these steps and receiving a final decision on appeal from the GDC Commissioner's Office.

Defendant contends that Plaintiff filed no formal grievances or grievance appeals concerning the claims in question prior to filing suit. In her affidavit, Michelle Howell states that prison records reveal only two informal grievances relating to food service issues filed by Plaintiff, both of which were "rejected based on the prisoner plaintiff's failure to comply with the policies governing the GDOC's inmate grievance system." (Doc. No. 27-1, p. 2). Indeed, Howell has appended to her affidavit copies of two informal grievance forms signed by Plaintiff. (Doc. No. 27-1, pp. 26-27). Howell submits that the June 30, 2006 form pertains to the alleged stone contamination incident at issue in this case, and that the July 14, 2006 form pertains to a meal allegedly served late. (Doc. No. 27-1, pp. 2-3). According to Howell, the June 30 grievance was returned to Plaintiff because he submitted more than one informal grievance in one week, in violation of Standard Operating Procedure. (Doc. No. 27-1, pp. 2-3, 8). The July 14 grievance was returned to Plaintiff because it was not submitted within 10 days of the incident in question. (Doc. No. 27-1, p. 3). Howell asserts that these two documents are the extent of Plaintiff's submissions on file relating to food service issues. (Id.).

In response, Plaintiff details his allegations relating to the stone contamination incident, and refers to "grievances introduced as evidence." (Doc. No. 33, p. 4). As part of his Motion to Suppress Affidavit of Michelle Howell, Plaintiff submitted copies of five informal grievance forms, all filled out by him and dated between November 2006 and

AO 72A
(Rev. 8/82)

5

April 2007. (Doc. No. 32-3, pp. 15-19). None of these forms, however, were completed by staff in the appropriate spaces or signed by Plaintiff acknowledging receipt of a response. (Id.). Furthermore, none of the forms even bears a date prior to August 23, 2006, the date on which Plaintiff filed his Complaint in this case. Plaintiff has also shown no evidence of his having gone beyond the initial first step of the administrative review process, as he has submitted no record of any formal grievance or appeal of his complaint.

Plaintiff appears to contend that he should not have to exhaust the administrative remedies at D. Ray James Prison because that process would not provide redress. (Doc. No. 33, p. 23). Plaintiff's argument, however, is without merit. As stated, the exhaustion requirement of the PLRA is *mandatory*. 42 U.S.C.A. § 1997e(a) specifically states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." Through this statute, Congress has clearly mandated that an inmate *must* exhaust his administrative remedies prior to filing a lawsuit. Alexander v. Hawk, 159 F.3d 1321, 1326-27 (11th Cir. 1998). "Since exhaustion is now a precondition to suit, the courts cannot simply waive those requirements where they determine they are futile or inadequate." Id. at 1326.

In sum, Plaintiff has failed to establish the existence of a genuine issue of material fact in response to Defendant's assertion that he failed to exhaust his administrative remedies, and thus dismissal of Plaintiff's Complaint is appropriate. It is therefore unnecessary to address the remaining issues raised by Defendant's Motion.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion for Summary Judgment (Doc. No. 25) be **GRANTED**. Plaintiff's Complaint should be **DISMISSED**, without prejudice, due to Plaintiff's failure to exhaust his administrative remedies prior to filing his complaint.

**SO REPORTED AND RECOMMENDED,** this 26th day of July, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE