FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2007 SEP 10 AM 10: 47
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JOE CURTIS HARRIS,

   Plaintiff,

v.               CIVIL ACTION NO.: CV506-068

MICHAEL HALL,
Food Service Manager,

   Defendant.

## ORDER

After an independent review of the record, the Court concurs with the recommendation of the Magistrate Judge that Defendant's Motion for Summary Judgment be granted. Based upon the undisputed evidence submitted by both parties, the Magistrate Judge determined that Plaintiff has failed to properly exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). Based upon that failure, the Magistrate Judge recommended that summary judgment be entered in Defendant's favor. Plaintiff has filed Objections to the Report and Recommendation, wherein he reasserts the factual allegations of his Complaint and appears to contend that he should not be required to exhaust his administrative remedies. Plaintiff also appears to allege that the PLRA's exhaustion requirement is unconstitutional. Defendant has filed a Reply to the Objection.

First, Plaintiff's apparent contention that the PLRA's exhaustion requirement somehow violates his First Amendment right of access to the courts is without merit.

The First Amendment to the United States Constitution provides that "Congress shall make no law . . . abridging . . . the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. Amend. I. Under this Amendment, prisoners do enjoy a constitutional right to "adequate, effective and meaningful" access to the courts. Bounds v. Smith, 430 U.S. 817, 822, 97 S. Ct. 1491, 1495, 52 L. Ed. 2d 72 (1977). However, 42 U.S.C. § 1997e(a) does not render Plaintiff's right to access inadequate or ineffective. As the Eleventh Circuit has noted, "the right of access to federal courts is not a free-floating right, but rather is subject to Congress's Article III power to set limits on federal legislation." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (citation and internal punctuation omitted). The exhaustion requirement created by Congress does not *prevent* the inmate from accessing the court, but instead merely creates a condition precedent to his filing suit. Where an inmate's complaint is dismissed for failure to comply with § 1997e(a), he is free to properly exhaust his administrative remedies and file again after doing so.

As the Magistrate Judge noted, under 42 U.S.C. § 1997e(a), the exhaustion of available administrative remedies is a *mandatory* prerequisite to filing suit. See Porter v. Nussle, 534 U.S. 516, 523, 122 S. Ct. 983, 987, 152 L. Ed. 2d 12 (2002). There is no futility exception, Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378, 2382, 165 L. Ed. 2d 368 (2006), and "an inmate's subjective belief that the procedures were not applicable to [particular] grievances does not matter and is not determinative," Priester v. Rich, 457 F. Supp. 2d 1369, 1373 (S.D. Ga. 2006) (citations omitted). The evidence submitted on Defendant's summary judgment motion establishes that Plaintiff failed to complete the Georgia Department of Corrections' three-step grievance procedure for his claim.

Plaintiff's Objections offer nothing to refute Defendant's evidence on this point, and accordingly his Complaint is due to be dismissed. Defendant's Motion for Summary Judgment (Doc. No. 25) is hereby **GRANTED**. Plaintiff's Complaint is **DISMISSED**, without prejudice, as Plaintiff did not exhaust his administrative remedies prior to filing his complaint. The Clerk of Court is authorized and directed to enter the appropriate Judgment of Dismissal.

**SO ORDERED**, this 9 day of October, 2007.

HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE